FILED
NOVEMBER 29, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES GRAHAM and JANET GRAHAM,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, a municipal corporation, and CHICAGO POLICE OFFICER P. KELLY (Star No. 13712) and CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565), and other UNKNOWN CHICAGO POLICE OFFICERS, all in their individual capacities,<br><br>Defendants. | Case No.<br><br>**07 C 6704**<br><br>**JUDGE SHADUR**<br>**MAGISTRATE JUDGE SCHENKIER**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, JAMES GRAHAM and JANET GRAHAM, by counsel and for their complaint against Defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICER P. KELLY (Star No. 13712) and CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565), and other UNKNOWN CHICAGO POLICE OFFICERS, allege as follows:

### INTRODCUTION

1.  This is a civil rights action for damages and injunctive relief brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988.

2.  This is a case of police brutality. Plaintiffs complain that on or about May 27, 2006, CHICAGO POLICE OFFICER P. KELLY (Star No. 13712),CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565) and other UNKNOWN CHICAGO POLICE

1

OFFICERS (Collectively the "Individual Defendants"), beat Plaintiffs and arrested Plaintiffs without legal justification, causing them significant physical pain and emotional distress.

## JURISDICTION

3. The Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C.§§1331 and 1343(a)(3) and 1343(a)(4).

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C.§ 1391 because all Defendants reside in the district.

## PARTIES

5. JANET GRAHAM, wife of JAMES GRAHAM, is a 44 year-old woman, a resident of Will County, Illinois and a citizen of the United States.

6. JAMES GRAHAM, husband of JANET GRAHAM, is a 44 year-old man, a resident of Will County, Illinois and a citizen of the United States.

7. Defendants CHICAGO POLICE OFFICER P. KELLY (Star No. 13712),CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565) and other UNKNOWN CHICAGO POLICE OFFICERS are sworn officers of the Chicago Police Department who are sued in their individual capacities for actions they took by virtue of their authority as police officers.

8. Defendants CHICAGO POLICE OFFICER P. KELLY (Star No. 13712), CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565) and other UNKNOWN CHICAGO POLICE OFFICERS, at all times relevant to this Complaint, acted under the color of state law as a police officers of the City of Chicago, and acted in the course and within the scope of their employment.

9. Defendant CITY OF CHICAGO ("City") is an Illinois Municipal Corporation that operates the Chicago Police Department. The City was, at all times material to this Complaint, the employer and principal of the Individual Defendants.

## FACTS

10. On May 27, 2006, at approximately 10:00 p.m. PLAINTIFFS JAMES GRAHAM and JANET GRAHAM were at the Tavern on Rush in Chicago, Illinois.

11. PLAINTIFFS had not had any alcohol to drink that evening.

12. Shortly after arriving, PLAINTIFF JAMES GRAHAM attempted to place an order with the bartender at Tavern on Rush.

13. After PLAINTIFF JAMES GRAHAM paid for his order, the bartender at Tavern on Rush began pointing at PLAINTIFFS and making derogatory remarks toward them.

14. After leaving the bar area, PLAINTIFFS began talking to a manager at Tavern on Rush to complain about the bartender's behavior.

15. While talking to a manager at Tavern on Rush, CHICAGO POLICE OFFICER P. KELLY (Star No. 13712) and CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565) entered the restaurant.

16. While the PLAINTIFFS were speaking to one of the managers at Tavern on Rush, another manager spoke to Officer KELLY and Officer BRANDSTETTER.

17. Officer KELLY and Officer BRANDSTETTER then approached PLAINTIFFS.

18. Officer KELLY then grabbed PLAINTIFF JAMES GRAHAM, forcing his arms behind his back, and began pushing PLAINTIFF JAMES GRAHAM toward the door.

19. Officer BRANDSTETTER grabbed PLAINTIFF JANET GRAHAM, forcing her arms behind her back, and began pushing her toward the door. When PLAINTIFF JANET

GRAHAM asked Officer BRANDSTETTER why she was being forced out of the restaurant, Officer BRANDSTETTER began calling her names such as whore and slut.

20. Officer BRANDSTETTER began violently pushing PLAINTIFF JANET GRAHAM. Officer BRANSTETTER shoved PLAINTIFF JANET GRAHAM against the window of the restaurant and called her a fucking whore.

21. Officer BRANDSTETTER then handcuffed PLAINTIFF JANET GRAHAM, and continued to call her derogatory names. Officer BRANDSTETTER handcuffed PLAINTIFF JANET GRAHAM so tightly that suffered severe pain to her arms and wrists.

22. Officer KELLY then pushed PLAINTIFF JAMES GRAHAM through the revolving door of the restaurant.

23. Once outside, Officer KELLY pushed PLAINTIFF JAMES GRAHAM face-down on the sidewalk and handcuffed him.

24. Three additional UNKNOWN CHICAGO POLICE OFFICERS arrived as Officer KELLY handcuffed PLAINTIFF JAMES GRAHAM. The three UNKNOWN CHICAGO POLICE OFFICERS were in uniform.

25. Officer KELLY and the three UNKNOWN CHICAGO POLICE OFFICERS placed leg shackles on PLAINTIFF JAMES GRAHAM.

26. Officer KELLY and the three UNKNOWN CHICAGO POLICE OFFICERS began to beat PLAINTIFF JAMES GRAHAM with their fists, hitting him repeatedly about the body. PLAINTIFF JANET GRAHAM witnessed the Officers beating her husband.

27. Officer BRANDSTETTER then pushed PLAINTIFF JANET GRAHAM across Rush Street toward a Chicago Police car. Officer BRANDSTETTER placed PLAINTIFF JANET GRAHAM into the squad car. PLAINTIFF JANET GRAHAM again asked Officer

BRANDSTETTER why she was being arrested. Officer BRANDSTETTER replied, Because you are a loudmouthed cunt.

28. Officer BRANDSTETTER then walked toward PLAINTIFF JAMES GRAHAM and joined the other Officers. Officer BRANDSTETTER then hit PLAINTIFF JAMES GRAHAM with his fists.

29. PLAINTIFF JAMES GRAHAM asked Officer BRANDSTETTER why he was being arrested. Officer BRANDSTETTER replied, Because your wife is loudmouthed cunt.

30. PLAINTIFF JAMES GRAHAM and PLAINTIFF JANET GRAHAM were then placed in a Chicago Police paddy wagon and taken to two separate police stations.

31. PLAINTIFF JANET GRAHAM was transported to two different police stations for processing. She was in custody for approximately 5 and ½ hours.

32. PLAINTIFF JAMES GRAHAM was taken to a Chicago Police station and was in custody approximately 3 and ½ hours.

33. PLAINTIFF JANET GRAHAM was charged with disorderly conduct in Cook County case number 06125105801.

34. PLAINTIFF JAMES GRAHAM was charged with disorderly conduct in Cook County case number 06125123001.

35. On PLAINTIFFS' first court date, no Chicago Police Officers appeared in court and all charges were dismissed.

36. At no time did PLAINTIFFS act in such a manner as to justify their arrest.

37. At no time did PLAINTIFFS resist arrest.

38. At no time during the events described above did the Officers have probable cause to arrest PLAINTIFFS.

39. As a direct and proximate result of the conduct of Officer KELLY, Officer BRANDSTETTER, and other UNKNOWN CHICAGO POLICE OFFICERS described above, PLAINTIFFS was deprived of their rights, suffered physical injuries; suffered mental distress and anguish; suffered humiliation, embarrassment, discomfort, fear, anxiety, and loss of enjoyment of life; and suffered a loss of liberty for crimes they did not commit.

**COUNT I: FOURTH AND FOURTEENTH AMENDMENTS**
(Excessive Force Against Individual Defendants)

40. PLAINTIFFS reallege and incorporate herein paragraphs 1 through 39 above.

41. PLAINTIFFS assert Count I, arising under 42 U.S.C. § 1983 against CHICAGO POLICE OFFICER P. KELLY (Star No. 13712),CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565) and other UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities.

42. The Individual Defendants' actions, in beating and otherwise using unreasonable and unjustifiable force against PLAINTIFFS, without legal justification, violated PLAINTIFFS' Fourth and Fourteenth Amendment rights to be secure in their person, papers and effects against unreasonable seizure and to be free from excessive and unreasonable force.

43. The Individual Defendants' actions were the direct and proximate cause of PLAINTIFFS' constitutional rights violations, their physical injuries, and mental suffering, as set forth more fully above.

44. The Individual Defendants' actions were malicious, intentional willful, wanton and shocking to the conscience. The Individual Defendants exhibited a conscious disregard or reckless indifference to PLAINTIFFS' rights and personal safety. The award of punitive

damages is necessary to punish the Individual Defendants for their misconduct and to deter similar misconduct in the future.

    WHEREFORE, Plaintiffs pray that the Court:

(A)    Award Plaintiffs judgment against the Individual Defendants for actual and compensatory damages in an amount to be determined at trial:

(B)    Award Plaintiffs judgment against the Individual Defendants for appropriate punitive damages in an amount to be determined at trial;

(C)    Award costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C.§ 1988; and,

(D)    Grant such other and further relief as this Court deems equitable and just.

### COUNT II: FOURTH AND FOURTEENTH AMENDMENTS
(Unlawful Arrest Against the Individual Defendants )

45.    PLAINTIFFS reallege and incorporate herein paragraphs 1 through 44 above.

46.    PLAINTIFFS assert Count II, arising under 42 U.S.C. § 1983 against the Individual Defendants in their individual capacities.

47.    The Individual Defendants' actions, in illegally detaining and arresting PLAINTIFFS, without probable cause that they committed an illegal action, violated PLAINTIFFS' Fourth and Fourteenth Amendment rights to be free from unreasonable seizures.

48.    The Individual Defendants actions were the direct and proximate cause of PLAINTIFFS' constitutional rights violations, their loss of liberty, and mental suffering, as set forth more fully above.

49.     The Individual Defendants actions were malicious, intentional willful, wanton and shocking to the conscience.  The Individual Defendants exhibited a conscious disregard or reckless indifference to PLAINTIFFS' rights and personal safety.  The award of punitive damages is necessary to punish the Individual Defendants for their misconduct and to deter similar misconduct in the future.

WHEREFORE, Plaintiffs pray that the Court:

(A)     Award Plaintiffs judgment against the Individual Defendants for actual and compensatory damages in an amount to be determined at trial:

(B)     Award Plaintiffs judgment against the Individual Defendants for appropriate punitive damages in an amount to be determined at trial;

(C)     Award costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C.§ 1988; and

(D)     Grant such other and further relief as this Court deems equitable and just.

### COUNT III: LOCAL GOVERNMENT TORT IMMUNITY ACT
(Against Defendant City of Chicago)

50.     PLAINTIFFS reallege and incorporate herein paragraphs 1 through 49 above.

51.     Count III of this Complaint is an Illinois statutory claim against Defendant CITY OF CHICAGO.

52.     Defendant CITY OF CHICAGO is the employer of individual defendants.

53.     The Individual Defendants committed the acts alleged above under color of state law and in the scope of their employment as employees of the CITY OF CHICAGO.

WHEREFORE, should Defendant Police Officers be found liable on one or more of the claims set forth above, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the Defendant

CITY OF CHICAGO be found liable for any judgment Plaintiffs obtain thereon against Defendant Police Officers, as well as for all attorneys' fees and costs awarded thereon.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL CLAIMS.

Respectfully submitted,

**/s/ Scott J. Frankel**
Plaintiffs' Attorney

Scott J. Frankel
Robert R. Cohen
Matthew D. Lango
Frankel & Cohen
77 W. Washington St., Suite 1720
Chicago, Illinois 60602
(312) 759-9600

November 29, 2007