UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES GRAHAM and JANET GRAHAM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 07 C 6704 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, | ) | Judge Shadur |
| and CHICAGO POLICE OFFICER P. KELLY | ) | |
| (Star No. 13712) and CHICAGO POLICE | ) | Magistrate Judge Schenkier |
| OFFICER J. BRANDSTETTER (Star No. 9565), | ) | |
| and other UNKNOWN CHICAGO POLICE | ) | |
| OFFICERS, all in their individual capacities, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFFS' COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, for its Answers, Defenses and Jury Demand to Plaintiffs' Complaint, states as follows:

INTRODUCTION

1.      This is a civil rights action for damages and injunctive relief brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988.

**ANSWER:**   Defendant City denies that the United States Constitution provides Plaintiffs with a direct cause of action in this case. The City admits the remaining allegations in this paragraph.

2.      This is a case of police brutality. Plaintiffs complain that on or about May 27, 2006, CHICAGO POLICE OFFICER P. KELLY (Star No. 13712), CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565) and other UNKNOWN CHICAGO POLICE

OFFICERS (Collectively the "Individual Defendants"), beat Plaintiffs and arrested Plaintiffs without legal justification, causing them significant physical pain and emotional distress.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## JURISDICTION

3. The Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C.§§1331 and 1343(a)(3) and 1343(a)(4).

**ANSWER:** Defendant City admits the allegations in this paragraph.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C.§ 1391 because all Defendants reside in the district.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

## PARTIES

5. JANET GRAHAM, wife of JAMES GRAHAM, is a 44 year-old woman, a resident of Will County, Illinois and a citizen of the United States.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. JAMES GRAHAM, husband of JANET GRAHAM, is a 44 year-old man, a resident of Will County, Illinois and a citizen of the United States.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.

7.      Defendants CHICAGO POLICE OFFICER P. KELLY (Star No. 13712), CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565) and other UNKNOWN CHICAGO POLICE OFFICERS are sworn officers of the Chicago Police Department who are sued in their individual capacities for actions they took by virtue of their authority as police officers.

**ANSWER:**   Defendant City admits that Chicago Police Officers P. Kelly (Star No. 13712) and J. Brandsetter (Star No. 9565) are sworn officers of the Chicago Police Department. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

8.      Defendants CHICAGO POLICE OFFICER P. KELLY (Star No. 13712), CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565) and other UNKNOWN CHICAGO POLICE OFFICERS, at all times relevant to this Complaint, acted under the color of state law as a police officers [*sic*] of the City of Chicago, and acted in the course and within the scope of their employment.

**ANSWER:**   The City admits, upon information and belief, that defendant officers P. Kelly and J. Brandsetter, at all times relevant to this Complaint, acted under the color of state law as police officers of the City of Chicago and in the course and scope of their employment. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

9.      Defendant CITY OF CHICAGO ("City") is an Illinois Municipal Corporation that operates the Chicago Police Department. The City was, at all times material to this Complaint, the employer and principal of the Individual Defendants.

**ANSWER:**   Defendant City admits that it is an Illinois Municipal Corporation and that

at all times material to this Complaint, it employed defendant officers P. Kelly and J. Brandsetter. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## FACTS

10.     On May 27, 2006, at approximately 10:00 p.m. PLAINTIFFS JAMES GRAHAM and JANET GRAHAM were at the Tavern on Rush in Chicago, Illinois.

**ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.     PLAINTIFFS had not had any alcohol to drink that evening.

**ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.     Shortly after arriving, PLAINTIFF JAMES GRAHAM attempted to place an order with the bartender at Tavern on Rush.

**ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.     After PLAINTIFF JAMES GRAHAM paid for his order, the bartender at Tavern on Rush began pointing at PLAINTIFFS and making derogatory remarks toward them.

**ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. After leaving the bar area, PLAINTIFFS began talking to a manager at Tavern on Rush to complain about the bartender's behavior.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. While talking to a manager at Tavern on Rush, CHICAGO POLICE OFFICER P. KELLY (Star No. 13712) and CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565) entered the restaurant.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. While the PLAINTIFFS were speaking to one of the managers at Tavern on Rush, another manager spoke to Officer KELLY and Officer BRANDSTETTER.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. Officer KELLY and Officer BRANDSTETTER then approached PLAINTIFFS.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. Officer KELLY then grabbed PLAINTIFF JAMES GRAHAM, forcing his arms behind his back, and began pushing PLAINTIFF JAMES GRAHAM toward the door.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. Officer BRANDSTETTER grabbed PLAINTIFF JANET GRAHAM, forcing her arms behind her back, and began pushing her toward the door. When PLAINTIFF JANET GRAHAM asked Officer BRANDSTETTER why she was being forced out of the restaurant, Officer BRANDSTETTER began calling her names such as whore and slut.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. Officer BRANDSTETTER began violently pushing PLAINTIFF JANET GRAHAM. Officer BRANSTETTER shoved PLAINTIFF JANET GRAHAM against the window of the restaurant and called her a fucking whore.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. Officer BRANDSTETTER then handcuffed PLAINTIFF JANET GRAHAM, and continued to call her derogatory names. Officer BRANDSTETTER handcuffed PLAINTIFF JANET GRAHAM so tightly that suffered [*sic*] severe pain to her arms and wrists.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. Officer KELLY then pushed PLAINTIFF JAMES GRAHAM through the revolving door of the restaurant.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23. Once outside, Officer KELLY pushed PLAINTIFF JAMES GRAHAM face down on the sidewalk and handcuffed him.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24.   Three additional UNKNOWN CHICAGO POLICE OFFICERS arrived as Officer KELLY handcuffed PLAINTIFF JAMES GRAHAM.  The three UNKNOWN CHICAGO POLICE OFFICERS were in uniform.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25.   Officer KELLY and the three UNKNOWN CHICAGO POLICE OFFICERS placed leg shackles on PLAINTIFF JAMES GRAHAM.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26.   Officer KELLY and the three UNKNOWN CHICAGO POLICE OFFICERS began to beat PLAINTIFF JAMES GRAHAM with their fists, hitting him repeatedly about the body.  PLAINTIFF JANET GRAHAM witnessed the Officers beating her husband.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27.   Officer BRANDSTETTER then pushed PLAINTIFF JANET GRAHAM across Rush Street toward a Chicago Police car.  Officer BRANDSTETTER placed PLAINTIFF JANET GRAHAM into the squad car.  PLAINTIFF JANET GRAHAM again asked Officer BRANDSTETTER why she was being arrested.  Officer BRANDSTETTER replied, Because you are a loudmouthed cunt.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.

28. Officer BRANDSTETTER then walked toward PLAINTIFF JAMES GRAHAM and joined the other Officers. Officer BRANDSTETTER then hit PLAINTIFF JAMES GRAHAM with his fists.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29. PLAINTIFF JAMES GRAHAM asked Officer BRANDSTETTER why he was being arrested. Officer BRANDSTETTER replied, Because your wife is loudmouthed cunt [*sic*].

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30. PLAINTIFF JAMES GRAHAM and PLAINTIFF JANET GRAHAM were then placed in a Chicago Police paddy wagon and taken to two separate police stations.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31. PLAINTIFF JANET GRAHAM was transported to two different police stations for processing. She was in custody for approximately 5 and ½ hours.

**ANSWER:** Upon information and belief, based on Chicago Police Department Records, Defendant City admits that Plaintiff Janet Graham was taken to the Central Female Holding Facility for processing following her arrest. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

32. PLAINTIFF JAMES GRAHAM was taken to a Chicago Police station and was in custody approximately 3 and ½ hours.

**ANSWER:** Upon information and belief, based on Chicago Police Department Records, Defendant City admits that Plaintiff James Graham was taken to the 18th District police station for processing following his arrest. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

33. PLAINTIFF JANET GRAHAM was charged with disorderly conduct in Cook County case number 06125105801.

**ANSWER:** Upon information and belief, based on Chicago Police Department records, Defendant City admits the allegations in this paragraph.

34. PLAINTIFF JAMES GRAHAM was charged with disorderly conduct in Cook County case number 06125123001.

**ANSWER:** Upon information and belief, based on Chicago Police Department records, Defendant City admits the allegations in this paragraph.

35. On PLAINTIFFS' first court date, no Chicago Police Officers appeared in court and all charges were dismissed.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36. At no time did PLAINTIFFS act in such a manner as to justify their arrest.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.

37. At no time did PLAINTIFFS resist arrest.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38. At no time during the events described above did the Officers have probable cause to arrest PLAINTIFFS.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39. As a direct and proximate result of the conduct of Officer KELLY, Officer BRANDSTETTER, and other UNKNOWN CHICAGO POLICE OFFICERS described above, PLAINTIFFS was deprived of their rights, suffered physical injuries; suffered mental distress and anguish; suffered humiliation, embarrassment, discomfort, fear, anxiety, and loss of enjoyment of life; and suffered a loss of liberty for crimes they did not commit.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**COUNT I: FOURTH AND FOURTEENTH AMENDMENTS**
(Excessive Force Against Individual Defendants)

Defendant City is not named as a defendant in Count I. Therefore, Defendant City responds to the allegations in Count I only to the extent that these allegations are incorporated by reference in Count III.

40. PLAINTIFFS reallege and incorporate herein paragraphs 1 through 39 above.

**ANSWER:** Defendant City realleges and incorporates its answers to paragraph 1 through 39.

41. PLAINTIFFS assert Count I, arising under 42 U.S.C. § 1983 against CHICAGO POLICE OFFICER P. KELLY (Star No. 13712), CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565) and other UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42. The Individual Defendants' actions, in beating and otherwise using unreasonable and unjustifiable force against PLAINTIFFS, without legal justification, violated PLAINTIFFS' Fourth and Fourteenth Amendment rights to be secure in their person, papers and effects against unreasonable seizure and to be free from excessive and unreasonable force.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43. The Individual Defendants' actions were the direct and proximate cause of PLAINTIFFS' constitutional rights violations, their physical injuries, and mental suffering, as set forth more fully above.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

44. The Individual Defendants' actions were malicious, intentional willful [*sic*], wanton and shocking to the conscience. The Individual Defendants exhibited a conscious disregard or reckless indifference to PLAINTIFFS' rights and personal safety. The award of

punitive damages is necessary to punish the Individual Defendants for their misconduct and to deter similar misconduct in the future.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**COUNT II: FOURTH AND FOURTEENTH AMENDMENTS**
(Unlawful Arrest Against Individual Defendants)

Defendant City is not named as a defendant in Count II. Therefore, Defendant City responds to the allegations in Count II only to the extent that these allegations are incorporated by reference in Count III.

45. PLAINTIFFS reallege and incorporate herein paragraphs 1 through 44 above.

**ANSWER:** Defendant City realleges and incorporates its answers to paragraphs 1 through 44.

46. PLAINTIFFS assert Count II, arising under 42 U.S.C. § 1983 against the Individual Defendants in their individual capacities.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

47. The Individual Defendants' actions, in illegally detaining and arresting PLAINTIFFS, without probable cause that they committed an illegal action, violated PLAINTIFFS' Fourth and Fourteenth Amendment rights to be free from unreasonable seizures.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

48.    The Individual Defendants actions were the direct and proximate cause of PLAINTIFFS' constitutional rights violations, their loss of liberty, and mental suffering, as set forth more fully above.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

49.    The Individual Defendants actions were malicious, intentional willful [*sic*], wanton and shocking to the conscience.  The Individual Defendants exhibited a conscious disregard or reckless indifference to PLAINTIFFS' rights and personal safety.  The award of punitive damages is necessary to punish the Individual Defendants for their misconduct and to deter similar misconduct in the future.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**COUNT III: LOCAL GOVERNMENT TORT IMMUNITY ACT**
(Against Defendant City of Chicago)

50.    PLAINTIFFS reallege and incorporate herein paragraphs 1 through 49 above.

**ANSWER:**   Defendant City realleges and incorporates its answers to paragraphs 1 through 49.

51.    Count III of this Complaint is an Illinois statutory claim against Defendant CITY OF CHICAGO.

**ANSWER:**   Defendant City admits the allegations in this paragraph.

52.    Defendant CITY OF CHICAGO is the employer of individual defendants.

**ANSWER:**   Defendant City admits that it employs Defendant police officers P. Kelly

and J. Brandsetter.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

53.    The Individual Defendants committed the acts alleged above under color of state law and in the scope of their employment as employees of the CITY OF CHICAGO.

**ANSWER:**    Defendant City admits, upon information and belief, that Defendant police officers P. Kelly and J. Brandsetter acted under color of state law and in the scope of their employment with the City of Chicago when they arrested Plaintiffs.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1.    Defendant City is not liable to Plaintiffs if its employees or agents are not liable to the Plaintiffs. 745 ILCS 10/2-109 (2006).

2.    To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct.  745 ILCS 10/2-202 (2006).

3.	Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

4.	Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when action in the exercise of such discretion even though abused. 745 ILCS 10/2-201 (2006).

5.	Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (2006).

6.	Plaintiffs have a duty to mitigate their damages, and any damages awarded to Plaintiffs must be reduced by any amount by which the damages could have been lessened by Plaintiffs' failure to take reasonable action to minimize those damages.

7.	To the extent that any punitive damages are assessed against the individual defendants in this case, the City is not liable under a theory of *respondeat superior* to pay such punitive or exemplary damages to Plaintiffs. 745 ILCS 10/2-102 (2006).

**JURY DEMAND**

The Defendant, City of Chicago, requests trial by jury.

**DATED:  FEBRUARY 19, 2008**

          Respectfully submitted,

          MARA S. GEORGES,
          Corporation Counsel
          City of Chicago

By:   **/s/ Meghan Kennedy**
      MEGHAN KENNEDY
      PETER AHMADIAN
      Assistants Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
(312) 744-9653/ 0898
Attorney No. 6283230

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JAMES GRAHAM and JANET GRAHAM,** ) | |
| ) | No. 07 C 6704 |
| **Plaintiffs,** ) | |
| ) | **Judge Shadur** |
| v. ) | |
| ) | **Magistrate Judge Schenkier** |
| **CITY OF CHICAGO, et al.,** ) | |
| ) | **Jury Demand** |
| **Defendants.** ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

TO:  Scott J. Frankel
    Robert R. Cohen
    Matthew D. Lango
    Frankel & Cohen
    77 W. Washington, Suite 1720
    Chicago, Illinois 60602

**PLEASE TAKE NOTICE** that on this 19th day of February 2008, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFFS' COMPLAINT**, a copy of which is herewith served upon you.

**I HEREBY CERTIFY** that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the person named above at the address shown this 19th day of February 2008.

                    Respectfully submitted,

                    MARA S. GEORGES
                    Corporation Counsel
                    for the City of Chicago


            By:    /s/ Meghan Kennedy
                    MEGHAN KENNEDY
                    Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-9653
Attorney No. 6283230