**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES GRAHAM and JANET GRAHAM, | ) | |
| | ) | 07 C 6704 |
| Plaintiffs, | ) | |
| vs. | ) | Judge Shadur |
| | ) | |
| CITY OF CHICAGO and CHICAGO POLICE OFFICER P. KELLY (Star No. 13712) and CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565), and other UNKNOWN CHICAGO POLICE OFFICERS, | ) | Magistrate Judge Schenkier |
| | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Chicago Police Officers Peter Kelly and Jason Brandstetter, by one of their attorneys, Kathryn M. Doi, Assistant Corporation Counsel of the City of Chicago, hereby submit their answer to Plaintiff's complaint, defenses and jury demand as follows:

INTRODUCTION

1. This is a civil rights action for damages and injunctive relief brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§1983 and 1988.

**ANSWER:** Defendants admit this is a civil action seeking damages against them brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§1983 and 1988. Defendants deny the remaining allegations contained in this paragraph as to them and deny any illegal or wrongful conduct as to them. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph as to unknown officers.

2. This is a case of police brutality. Plaintiffs complain that on or about May 27, 2006, CHICAGO POLICE OFFICER P. KELLY (Star No. 13712) and CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565) and other UNKNOWN CHICAGO POLICE OFFICERS (Collectively the "Individual Defendants"), beat Plaintiffs and arrested Plaintiffs without legal justification, causing them significant physical pain and emotional distress.

**ANSWER:** Defendants admit that they encountered Plaintiffs on May 27, 2006. Defendants further admit that this complaint alleges that Defendants and/or other unknown Chicago Police Officers used excessive force against Plaintiffs and unlawfully arrested Plaintiffs. Defendants deny the remaining allegations in this paragraph as to them and deny any illegal or wrongful conduct as to them. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph as to unknown officers.

JURISDICTION

3. The Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and 1343(a)(4).

**ANSWER:** Defendants admit that this Court has subject matter jurisdiction over Plaintiffs' claims.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 because all Defendants reside in the district.

**ANSWER:** Defendants admit that venue is proper.

PARTIES

5. JANET GRAHAM, wife of JAMES GRAHAM, is a 44-year-old woman, a resident of Will County, Illinois and a citizen of the United States.

**ANSWER:** Upon information and belief, Defendants admit the allegations contained in this paragraph.

6. JAMES GRAHAM, husband of JANET GRAHAM, is a 44-year-old man, a resident of Will County, Illinois and a citizen of the United States.

**ANSWER:** Upon information and belief, Defendants admit the allegations contained in this paragraph.

7. Defendants CHICAGO POLICE OFFICER P. KELLY (Star No. 13712) and CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565) and other UNKNOWN CHICAGO POLICE OFFICERS are sworn officers of the Chicago Police Department who are sued in their individual capacities for actions they took by virtue of their authority as police officers.

**ANSWER:** Defendants admit that they are sworn officers of the Chicago Police Department who are being sued in their individual capacities. Defendants deny the remaining allegations as to them and deny any illegal or wrongful conduct as to them. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph as to unknown officers.

8. Defendants CHICAGO POLICE OFFICER P. KELLY (Star No. 13712) and CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565) and other UNKNOWN CHICAGO POLICE OFFICERS, at all times relevant to this Complaint, acted under the color of state law as a police officers of the City of Chicago, and acted in the course and within the scope of their employment.

**ANSWER:** Defendants admit the allegations in this paragraph as to them. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph as to unknown officers.

9. Defendant CITY OF CHICAGO ("City") is an Illinois Municipal Corporation that operates the Chicago Police Department. The City was, at all times material to this Complaint, the employer and principal of the Individual Defendants.

**ANSWER:** Defendants admit that the City is an Illinois Municipal Corporation and, at all times material to this Complaint, employed Defendants. Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations as to them or Defendant City. Defendants are without information sufficient to form a belief as to the truth of the allegations

contained in this paragraph as to unknown officers.

FACTS

10. On May 27, 2006 at approximately 10:00 p.m. PLAINTIFFS JAMES GRAHAM and JANET GRAHAM were at the Tavern on Rush in Chicago, Illinois.

**ANSWER:** Defendants admit that Plaintiffs were at Tavern on Rush in Chicago, Illinois on May 27, 2006. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. Plaintiffs had not had any alcohol to drink that evening.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. Shortly after arriving, PLAINTIFF JAMES GRAHAM attempted to place an order with the bartender at Tavern on Rush.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. After PLAINTIFF JAMES GRAHAM paid for his order, the bartender at Tavern on Rush began pointing at PLAINTIFFS and making derogatory remarks toward them.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. After leaving the bar area, PLAINTIFFS began talking to a manager at Tavern on Rush to complain about the bartender's behavior.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. While talking to a manager at Tavern on Rush, CHICAGO POLICE OFFICER P. KELLY (Star No. 13712) and CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565) entered the restaurant.

**ANSWER:** Defendants admit that they entered Tavern on Rush. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

16. While the PLAINTIFFS were speaking to one of the managers at Tavern on Rush, another manager spoke to Officer KELLY and Officer BRANDSTETTER.

**ANSWER:** Defendants admit that they spoke to one of the managers at Tavern on Rush. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

17. Officer KELLY and Officer BRANDSTETTER then approached PLAINTIFFS.

**ANSWER:** Defendants admit that they approached Plaintiffs after Defendants spoke to the manager. Defendants deny the remaining allegations contained in this paragraph.

18. Officer KELLY then grabbed PLAINTIFF JAMES GRAHAM, forcing his arms behind his back, and began pushing PLAINTIFF JAMES GRAHAM toward the door.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

19. Officer BRANDSTETTER grabbed PLAINTIFF JANET GRAHAM, forcing her arms behind his back, and began pushing her toward the door. When PLAINTIFF JANET GRAHAM asked Officer BRANDSTETTER why she was being forced out of the restaurant, Officer BRANDSTETTER began calling her names such as whore and slut.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

20. Officer BRANDSTETTER began violently pushing PLAINTIFF JANET GRAHAM. Officer BRANDSTETTER shoved PLAINTIFF JANET GRAHAM against the window of the restaurant and called her a fucking whore.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

21. Officer BRANDSTETTER then handcuffed PLAINTIFF JANET GRAHAM, and continued to call her derogatory names. Officer BRANDSTETTER handcuffed PLAINTIFF JANET GRAHAM so tightly that [*sic*] suffered severe pain to her arms and wrists.

**ANSWER:** Defendants admit that Officer Brandstetter handcuffed Plaintiff Janet Graham. Defendants deny the remaining allegations contained in this paragraph.

22. Officer KELLY then pushed PLAINTIFF JAMES GRAHAM through the revolving door of the restaurant.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

23. Once outside, Officer KELLY pushed PLAINTIFF JAMES GRAHAM face-down on the sidewalk and handcuffed him.

**ANSWER:** Defendants admit that Officer Kelly handcuffed Plaintiff James Graham. Defendants deny the remaining allegations contained in this paragraph.

24. Three additional UNKNOWN CHICAGO POLICE OFFICERS arrived as Officer KELLY handcuffed PLAINTIFF JAMES GRAHAM. The three UNKNOWN CHICAGO POLICE OFFICERS were in uniform.

**ANSWER:** Defendants admit that an unknown number of other officers were on scene and some of them were in uniform. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

25. Officer KELLY and the three UNKNOWN CHICAGO POLICE OFFICERS placed leg shackles on PLAINTIFF JAMES GRAHAM.

**ANSWER:** Defendants deny the allegations contained in this paragraph as to them. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph as to unknown officers.

26. Officer KELLY and the three UNKNOWN CHICAGO POLICE OFFICERS began to beat PLAINTIFF JAMES GRAHAM with their fists, hitting him repeatedly about the body. PLAINTIFF JANET GRAHAM witnessed the Officers beating her husband.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this

paragraph as to unknown officers.

27. Officer BRANDSTETTER then pushed PLAINTIFF JANET GRAHAM across Rush Street toward a Chicago Police car. Officer BRANDSTETTER placed PLAINTIFF JANET GRAHAM into the squad car. PLAINTIFF JANET GRAHAM again asked Officer BRANDSTETTER why she was being arrested. Officer BRANDSTETTER replied, Because you are a loudmouthed cunt.

**ANSWER:** Defendants admit that Officer Brandstetter placed Plaintiff Janet Graham into a squad car. Defendants deny the remaining allegations contained in this paragraph.

28. Officer BRANDSTETTER then walked toward PLAINTIFF JAMES GRAHAM and joined the other Officers. Officer BRANDSTETTER then hit PLAINTIFF JAMES GRAHAM with his fists.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

29. PLAINTIFF JAMES GRAHAM asked Officer BRANDSTETTER why he was being arrested. Officer BRANDSTETTER replied, Because your wife is a loudmouthed cunt.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

30. PLAINTIFF JAMES GRAHAM and PLAINTIFF JANET GRAHAM were then placed in a Chicago Police paddy wagon and taken to two separate police stations.

**ANSWER:** Defendants admit that Plaintiffs were placed into the wagon and both were initially taken to the 18th District for processing. Defendants deny the remaining allegations contained in this paragraph.

31. PLAINTIFF JANET GRAHAM was transported to two different police stations for processing. She was in custody for approximately 5 and ½ hours.

**ANSWER:** Defendants admit that Janet Graham was processed at the 18th District and then transported to the 1st District female lockup. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

32. PLAINTIFF JAMES GRAHAM was taken to a Chicago Police station and was in

custody approximately 3 and ½ hours.

**ANSWER:** Defendants admit that James Graham was taken to the 18th District. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

33. PLAINTIFF JANET GRAHAM was charged with disorderly conduct in Cook County case number 06125105801.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

34. PLAINTIFF JAMES GRAHAM was charged with disorderly conduct in Cook County case number 06125123001.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

35. On PLAINTIFFS' first court date, no Chicago Police Officers appeared in court and all charges were dismissed.

**ANSWER:** Defendants admit that they were not notified to come to court. Defendants further admit that the charges were dismissed against both Plaintiffs. Defendants deny the remaining allegations contained in this paragraph.

36. At no time did PLAINTIFFS act in such a manner as to justify their arrest.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

37. At no time did PLAINTIFFS resist arrest.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

38. At no time during the events described above did the Officers have probable cause to arrest PLAINTIFFS.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

39. As a direct and proximate result of the conduct of Officer KELLY, Officer BRANDSTETTER, and other UNKNOWN CHICAGO POLICE OFFICERS described above, PLAINTIFFS was [*sic*] deprived of their rights, suffered physical injuries; suffered mental

distress and anguish; suffered humiliation, embarrassment, discomfort, fear, anxiety, and loss of enjoyment of life; and suffered a loss of liberty for crimes they did not commit.

**ANSWER:** Defendants deny the allegations contained in this paragraph as to them. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph as to unknown officers.

**COUNT I: FOURTH AND FOURTEENTH AMENDMENTS**
(Excessive Force Against Individual Defendants)

40. PLAINTIFFS reallege and incorporate herein paragraphs 1 through 39 above.

**ANSWER:** Defendants' answers to the foregoing paragraphs 1 through 39 are incorporated by reference as though fully set forth.

41. PLAINTIFFS assert Count I, arising under 42 U.S.C. §1983 against CHICAGO POLICE OFFICER P. KELLY (Star No. 13712), CHICAGO POLICE OFFICER J. BRANDSTETTER (Star No. 9565) and other UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities.

**ANSWER:** Defendants admit that Count I purports to arise under 42 U.S.C. §1983 against them and other unknown Chicago Police Officers in their individual capacities. Defendants deny the remaining allegations contained in this paragraph.

42. The Individual Defendants' actions, in beating and otherwise using unreasonable and unjustifiable force against PLAINTIFFS, without legal justification, violated PLAINTIFFS' Fourth and Fourteenth Amendment rights to be secure in their person, papers and effects against unreasonable seizure and to be free from excessive and unreasonable force.

**ANSWER:** Defendants deny the allegations contained in this paragraph as to them. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph as to unknown officers.

43. The Individual Defendants' actions were the direct and proximate cause of PLAINTIFFS' constitutional rights violations, their physical injuries, and mental suffering, as set forth more fully above.

**ANSWER:** Defendants deny the allegations contained in this paragraph as to them. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph as to unknown officers.

44. The Individual Defendants' actions were malicious, intentional, willful, wanton and shocking to the conscience. The Individual Defendants exhibited a conscious disregard or reckless indifference to PLAINTIFFS' rights and personal safety. The award of punitive damages is necessary to punish the Individual Defendants for their misconduct and to deter similar misconduct in the future.

**ANSWER:** Defendants deny the allegations contained in this paragraph as to them. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph as to unknown officers.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

**COUNT II: FOURTH AND FOURTEENTH AMENDMENTS**
(Unlawful Arrest Against the Individual Defendants)

45. PLAINTIFFS reallege and incorporate herein paragraphs 1 through 44 above.

**ANSWER:** Defendants' answers to the foregoing paragraphs 1 through 44 are incorporated by reference as though fully set forth.

46. PLAINTIFFS assert Count II, arising under 42 U.S.C. §1983 against the Individual Defendants in their individual capacities.

**ANSWER:** Defendants admit that Count II purports to arise under 42 U.S.C. §1983 against them and other unknown Chicago Police Officers in their individual capacities. Defendants deny the remaining allegations contained in this paragraph.

47. The Individual Defendants' actions, in illegally detaining and arresting

PLAINTIFFS, without probable cause that they committed an illegal action, violated PLAINTIFFS' Fourth and Fourteenth Amendment rights to be free from unreasonable seizures.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

48. The Individual Defendants' actions were the direct and proximate cause of PLAINTIFFS' constitutional rights violations, their loss of liberty, and mental suffering, as set forth more fully above.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

49. The Individual Defendants' actions were malicious, intentional, willful, wanton and shocking to the conscience. The Individual Defendants exhibited a conscious disregard or reckless indifference to PLAINTIFFS' rights and personal safety. The award of punitive damages is necessary to punish the Individual Defendants for their misconduct and to deter similar misconduct in the future.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

**COUNT III: LOCAL GOVERNMENT TORT IMMUNITY ACT**
(Against Defendant City of Chicago)

50. PLAINTIFFS reallege and incorporate herein paragraphs 1 through 49 above.

**ANSWER:** Defendants' answers to the foregoing paragraphs 1 through 49 are incorporated by reference as though fully set forth.

51. Count III of this Complaint is an Illinois statutory claim against Defendant CITY OF CHICAGO.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

52. Defendant CITY OF CHICAGO is the employer of individual defendants.

**ANSWER:** Defendants admit the allegations contained in this paragraph as to them.

Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph as to unknown officers.

53. The Individual Defendants committed the acts alleged above under color of state law and in the scope of their employment as employees of the CITY OF CHICAGO.

**ANSWER:** Defendants admit that they were acting under color of state law and in the scope of their employment as Chicago Police Officers. Defendants deny the remaining allegations in this paragraph as to them. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph as to unknown officers.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

**AFFIRMATIVE DEFENSE**

Defendants Kelly and Brandstetter are government officials, namely police officers, who perform discretionary functions. Defendants Kelly and Brandstetter have admitted that they arrested Plaintiffs. At all times material to the events alleged in Plaintiffs' Complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting these Defendants, could have believed their actions regarding their arrest of Plaintiffs to be lawful, in light of clearly established law and the information that Defendants possessed. Defendants Kelly and Brandstetter are therefore entitled to qualified immunity on Plaintiff's unlawful arrest claim under 42 U.S.C. §1983, contained in Count II.

**JURY DEMAND**

Defendants, Peter Kelly and Jason Brandstetter, request a trial by jury.

Respectfully Submitted,

**/s/ Kathryn M. Doi**

KATHRYN M. DOI
Assistant Corporation Counsel
Attorney for Defendant Officers

30 N. La Salle
Suite 1400
Chicago, IL 60602
(312) 744-0742
Attorney No. 06274825